UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIAD GHOSHEH, ET AL., ) | |
| ) | |
| Petitioners, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:16-CV-0224-G |
| TRACY TARANGO, in her official ) | |
| capacity as District Director of the Dallas ) | |
| Field Office of the Bureau of Citizenship ) | |
| and Immigration Service, ET AL., ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the respondents' motion (with memorandum brief) to dismiss the plaintiffs' petition for a writ of mandamus as moot (docket entry 22). For the reasons stated below, the respondents' motion is granted.

### I. INTRODUCTION

On January 27, 2016, Riad Ghosheh and Badirah Farrah (the "petitioners") filed a petition for a writ of mandamus asking the court to compel the United States Citizenship and Immigration Services ("USCIS") to render decisions on their

applications for permanent resident status, Forms I-485.  *See* Petition for the Writ of Mandamus ("Petition") ¶ 17 (docket entry 1).

On March 22, 2016, the respondents interviewed the petitioners on their applications to register permanent resident status.  *See* Motion to Dismiss Petition as Moot with Memorandum Brief ("Motion") at 1 (docket entry 22).  On April 6, 2016, the respondents issued each of the petitioners a notice of intent to deny their application, to which each of the petitioners responded.  *Id.*  On June 8, 2016, USCIS denied both of the petitioners' I-485 applications.  *Id.*

On June 9, 2016, the respondents filed the instant motion to dismiss the petitioners' petition for writ of mandamus as moot.  The petitioners did not file a timely response.  Thus, the motion is now ripe for decision.

## II.  ANALYSIS

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).  "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal citations omitted).  "If a dispute has been resolved or if it has evanesced because of changed circumstances, . . . it is considered moot." *American Medical Association v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).  Where the question of

mootness arises, the court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). If a controversy is moot, the trial court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 15-16 (5th Cir. 1978).

The respondents contend that they adjudicated the petitioners' I-485 applications for permanent resident status. Motion at 1. The petitioners do not contest this fact. The only relief the petitioners sought in their petition for writ of mandamus was mandatory injunctive relief compelling the respondents to render decisions on their I-485 applications for permanent resident status. *See* Petition ¶ 17. The respondents adjudicated their applications. Therefore, the petition is moot. As a result, there is no case or controversy for the court to resolve, there is no further substantive relief the court can grant, and the court lacks subject matter jurisdiction. *Carr*, 582 F.2d at 15-16.

## III.  CONCLUSION

For the reasons stated above, the respondents' motion to dismiss the petitioners' petition for writ of mandamus is **GRANTED**. Judgment will be entered dismissing the petitioners' petition as moot.

**SO ORDERED**.

July 14, 2016.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**